IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD J. SIMMONS, | ) |
| Plaintiff, | ) C.A. No. _____ |
| v. | ) JURY TRIAL DEMANDED |
| WARDEN DAVID PIERCE, DR. MARC RICHMAN, DR. LAURIE SPRAGA, DR. WILLIAM LYNCH, DEPARTMENT OF CORRECTIONS, and CONNECTION CORRECTIONS HEALTHCARE, | ) COMPLAINT |
| Defendants. | ) |

## JURISDICTION

1. This is an action for relief for violation of the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331, 1334(a)(3) and 4.

3. This Court is the appropriate venue pursuant to 28 U.S.C. 1391(b)(2) because the events and obmissions giving rise to the claims occurred in Delaware

## PARTIES

4. Donald J. Simmons is currently incarcerated in the custody of the Delaware Department of Corrections (DOC) at the James T. Vaughn Correctional Center

5. Defendant David Pierce is former warden at the James T. Vaughn Correctional Center. In that capacity he was responsible for the formulation and implementation of policies within the James T. Vaughn Correctional Center. He is sued in his individual capacity for punities relief for constitutional violations. At all time relevant hereto Defendant Pierce

acted under color of state law.

5. Defendant Marc Richman, is Director of Healthcare Services for DOC and is sued in his individual capacity.

6. Defendant Lauries Sparaga is a physician employed by Connection Corrections Healthcare was at all relevant time a physician at James T. Vaughn Correctional Center and is sued herein his individual capacity.

7. Defendant William Lynch, is a physician employed by Connection Corrections Healthcare was at all relevant time a physician at James T. Vaughn Correctional Center and is sied herein his individual capacity.

8. Defendant Delaware Department of Corrections operates the correctional facilities that are the subject of the claims agaist it for violation of the Eighth and fourteenth Amendments of the United States Constitution.

9. Defendant Connection Correctios Healthcare is the corpation contracted to provide medical services to the plaintiff in the DOC. Connections Corrections Healthcare is sued in its official capacity. At all time relevant hereto acted under color of state law.

### STATEMENT OF FACTS

10. Plaintiff is aDelaware state inmate who has been seriously injured because of defendants deliberate indifference to his serious medical need in violation to the cruel and unusual punishment clause of the EighthAmendment to the United States Constitution. He bring this civil rights action on behalf of himself because the medical care system operated by Delaware Department of Corrections (IDOC) does not provide

to take reasonable steps to avoid the harm. The defendants manifest deliberate indifference by "intentionally denying medications/thepary and delaying access to medical care.

13. The defendants had in place policy an customs that demonstrated deliberate indifference based on attempt save money in treating plaintiff.

14. The records will clearly reflect that all individual defendants had some involvement either in the withholding treatment provided or the type treatment he did not receive.

15. The plaintiff isn't complainting as too type treatment received but lack of same, even minor event constantly permitting runont various medications. At this juncture the plaintiff still suffer constant pain and other discomfort.

16. The expert testimony by specialist will show there has been severe an perment damage as result of defendant's deliberate indifference to plaintiff's serious medical problem surrounding his shoulder.

17. The plaintiff has presented proof to show the corporate defendants maintained a policy an customs to deprive him of his constitutional rights Thereby rendering the entity liable under 1983, as follows: 1. where the appropriate officer or entity promulgate a generally applicable statement of policy and the subsequent act complained of is simply an implementationof that policy; 2. where no rule has been annouced as policy but federal law has been violated by an act of the policymaker itself; and 3. where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government was so obvious, and the inadequacy of existing

proper medical care to plaintiff. The unconstitutional condition have cause plaintiff widespread harm, including severe and unnecessary pain, and injury. From April 17, 2015 until December 17, 2016 numerous grievance filed in attempt have medical issues addressed minus success.

### THE PLAINTIFF'S MEDICAL CARE

11. On April 17, 2015 seen by nurse after submitted sick-call request as result left arm wasn't moving properly. I was given EKG, X-ray, informed would be seen by provider. It was necessry submit grievance on May 19, 2015 to be seen by a provider. I consulted wiht doctor about MRI results informed had tendinosis of ratator cuff, full thickly tear of the supraspinetus tendon, and ganglion cyst. There has been numerous correspondence between defendants and filing grievance concerning failure provide medication and issues concerning the problems with shoulder. Durning month of February 2016 seen by surgeon, informed should have been seen by him nine months ago time of inital complaint. There has been constant failure by defendants to comply with medical needs ordered by specialist, this included pyhsical therapy, medications and follow-up per order of specialist. On June 19, 2016 filed grievance (#337510) concerning physical thepary prevailed with aforemention grievance only to be informed on August 10, 2016 by medical staff prevailing on grievance doesn't mean will get the thepary, which haven't had to date. I still constantly suffer constant pain and other discomforts.

12. A prison official is deliberately indifferent if he/she knows that plaintiff faces a substantil risk of harm and fails

practice so likely resulted inviolaton of plaintiff's constitutional rights, that the policymaker can reasonalby be said to have been deliberately indifferent to the need. In the case of the plaintiff their was nine month delay in receiving needed surgery. The defendants knew that the failure to authorize medically recommended treatment created a serious risk of harm. The policymake kew of plaintiff's serio- serious medical need and ignored it. The plaintiff also suffer diabetes, high blood pressure.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court grant the following relief:

A.  Punitive damages in the amount of $100,000;

B.  Immediately provided evaluation by specialist as to current extent of damages to should, as result nine months deprived of medical surgery;

C.  Any other appropriate action the Court deem proper and just.

DATED: May 29, 2018

DONALD J. SIMMONS, 00275245
JTVCC  1181 Paddock Road
Smyrna, DE   19977