IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD J. SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 18-847-CFC |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1.  **Introduction.** Plaintiff Donald J. Simmons, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5) The Court screens and reviews the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

2.  **Background.** Plaintiff filed this action alleging the medical system at the Delaware Department of Correction ("DOC") does not provide proper medical care. He complains of lack of treatment for a shoulder condition. (D.I. 3 at ¶ 15) The Complaint states that Plaintiff was seen by a nurse on April 17, 2015, treated, and informed he would be seen by a provider. Later he consulted with a physician about test results. Plaintiff states there has been much correspondence concerning the failure to provide medication and other issues concerning shoulder problems. (*Id.* at ¶ 11).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3. Plaintiff alleges that when he saw a surgeon in February 2016, the surgeon informed Plaintiff that he should have been seen nine months earlier, at the time of his initial complaints. (*Id.*) Plaintiff alleges there has a constant failure to comply with medical needs ordered by specialists, including physical therapy, medications, and follow-up care. (*Id.*) Plaintiff submitted a grievance in June 2016 seeking physical therapy, only to be told by medical staff on August 10, 2016, that he will receive physical therapy. (*Id.*) To date, there has been no physical therapy. Plaintiff complains that he suffers from constant pain and other discomforts. (*Id.*) Plaintiff alleges Defendants have a policy and custom in place based on saving money rather than treating him. He seeks punitive damages and injunctive relief.

4. **Legal Standards**. A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

5. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

6. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

7. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

3

8. A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

9. **Statute of Limitations**. The Complaint alleges unconstitutional acts occurred from April 17, 2015 through December 17, 2016. The Complaint is dated May 29, 2018, and was received for filing on June 5, 2018. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

10. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)). Therefore, under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a time-barred complaint *sua sponte.*

11. Plaintiff complains of acts occurring from April 17, 2015 through December 17, 2016. He did not file his Complaint until May 29, 2018.[2] It is evident from the face of the Complaint that all claims that accrued prior to May 29, 2016 are barred by the two-year limitations period. Therefore, the Court will dismiss those claims as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

12. **Eleventh Amendment**. Plaintiff has named the DOC, an agency of the State of Delaware, as a defendant. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack,* 487 U.S. 266 (1988); *Burns v. Morton,* 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker,* 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint was signed on May 29, 2018, and submitted for e-filing to the Court on June 5, 2018. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on May 29, 2018, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for efiling.

sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Accordingly, the Court will dismiss the claims against the DOC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

13. **Medical Needs**. The claims that are not time-barred include allegations that Plaintiff is not receiving physical therapy, he is in constant pain, and has other discomforts. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. at 103-105. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

14. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are

6

generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted).

15. "[A] prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

16. The failure to provide medical treatment can state a medical needs claim under § 1983. However, the sparse allegations do not refer to any individuals, when the alleged refusal to treat the condition occurred, or whether Plaintiff has received treatment. Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff may amend this claim.

17. **Conclusion.** For the above reasons, the Court will dismiss the Complaint as frivolous, for failure to state claims, and based upon the DOC's immunity from suit

pursuant to U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2). Plaintiff is given leave file an amended complaint.

Dated: October 19, 2018

_____
UNITED STATES DISTRICT JUDGE